UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAMES FRANKLIN SNYDER,

              Plaintiff,

   vs.

MANUEL VALANZEULA,

              Defendant.

NO.  CV-11-5009-EFS

**ORDER DISMISSING FIRST AMENDED COMPLAINT**

**1915(g)**

Before the Court, without oral argument, is Plaintiff's First Amended Complaint, ECF No. 19.  Plaintiff, formerly a prisoner at the Benton County Jail, is now residing in Newport, Washington.  He is proceeding *pro se* and *in forma pauperis*; Defendants have not been served.

An amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be complete in itself without reference to the prior or superceded pleading.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.1981)); *accord Forsyth*, 114 F.3d at 1474.  Because Plaintiff does not name Aaron Cole as a Defendant in his First Amended Complaint, **IT IS ORDERED**: Defendant Aaron Cole is **TERMINATED** from this action.

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 1

By Order filed March 10, 2011, the Court advised Plaintiff of the deficiencies of his complaint and directed him to amend or voluntarily dismiss, ECF No. 17.  The Court cautioned Plaintiff if he chose to amend and the Court found the amended complaint failed to state a claim upon which relief may be granted, it would be dismissed and such dismissal would count as one of the dismissals under 28 U.S.C. § 1915(g).  After review of the First Amended Complaint, the Court finds Plaintiff has failed to cure the deficiencies of the initial complaint.

Mr. Snyder states he was "in chemical dependency" and Defendant Valenzuela was a Counselor with the Department of Corrections/Benton County Jail.  Plaintiff claims that on or about November 1, 2010, Defendant Valenzuela "released what Plaintiff said during treatment," and also seized and read Plaintiff's legal paperwork.  Plaintiff asserts these actions violated his First, Fourth, Fifth, Sixth and Fourteenth Amendment rights.

Plaintiff also complains that on or about October 25, 2010, Defendant Valenzuela "quoted and practiced Christianity in a public setting with no certification."  Plaintiff asserts this violated his First, Fourth, Fifth, and Fourteenth Amendment rights.  Plaintiff seeks monetary damages for "negligence."

Even liberally construing these allegations in the light most favorable to Plaintiff, he has failed to present any facts showing a constitutional violation.  Negligence is not actionable under § 1983. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).  To the extent Plaintiff is asserting he was deprived of his "legal paperwork," he has presented no facts showing he suffered an actual injury to his access to

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 2

the courts.  *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996).  Plaintiff does not claim he missed a deadline or was unable to file an action challenging his conviction or conditions of confinement due to Defendant Valenzuela's actions.  *Id.* at 348.

For the reasons set forth above and in the Order to Amend or Voluntarily Dismiss, **IT IS ORDERED:** the complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915.  This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims**.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, enter judgment, forward copies to Plaintiff at his last known address, and close the file.  The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.  The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this  18th   day of May 2011.

                          s/Edward F. Shea
                          EDWARD F. SHEA
                          United States District Judge

Q:\Civil\2011\11cv5009efs-5-18-dis1915g.wpd

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 3